UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| **1099 14th Street, NW, Suite 10700** | ) | |
| **Washington, D.C. 20005,** | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **NATIONAL ASSOCIATION OF SPECIAL** | ) | |
| **POLICE AND SECURITY OFFICERS** | ) | |
| **1101 30th STREET, NW, SUITE 500** | ) | |
| **WASHINGTON, DC 20007,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**APPLICATION OF THE NATIONAL LABOR RELATIONS BOARD FOR AN
ORDER REQUIRING COMPLIANCE WITH INVESTIGATIVE SUBPOENA**

The National Labor Relations Board (the "Board"), an administrative agency of the

United States Government, respectfully applies to this Court, pursuant to Section 11(2) of the

National Labor Relations Act (29 U.S.C. Sec. 161(2)) (the "Act"), for an order requiring

Respondent National Association of Special Police and Security Officers, to comply with a

subpoena duces tecum issued by the Board and duly served on it in the manner provided by law.

In support of its application, upon information and belief, the Board shows as follows:

1.      The Board is an administrative agency of the United States Government created

by the Act, and empowered to administer the provisions of the Act, including the issuance of

subpoenas in furtherance of its investigation of matters within its jurisdiction.  Section 161(2) of

the Act confers jurisdiction upon the United States district courts, upon application of the Board,

to order compliance with those subpoenas.


2.       Systems Training and Resource Technologies, Inc., the Employer, a District of

Columbia corporation with an office and place of business in Springfield, Virginia, provides

security services to governmental agencies and businesses, including Federal Office Building Six

in Washington, D.C., which is located within this judicial district.


3.       On May 30, 2000, the National Association of Special Police and Security

Officers (the "Union"), was certified as the exclusive collective-bargaining representative of the

security guards employed by the Employer at Federal Office Building Six in Washington, D.C.


4.       On July 14, 2005, the Union, Charging Party George L. Rock, and the Board's

General Counsel entered into a Formal Settlement Stipulation, subject to the Board's approval

and a consent judgment by any appropriate United States Court of Appeals, regarding the

Union's obligations to employees of the Employer pursuant to NLRB v. General Motors

Corporation, 373 U.S. 734 (1963) and Beck v. Communication Workers of America, 487 U.S.

735 (1988).  On June 6, 2006, the Board issued a Decision and Order in Case 5-CB-9219

approving said Formal Settlement Stipulation and on September 13, 2006 (**Exhibit 1**) the United

States Court of Appeals for the District of Columbia Circuit, in Case No. 06-1207, granted the

Board's application to enforce said Decision and Order (**Exhibit 2**).  Specifically, the judgment

required the Union to do the following:

(a)    notify employees in writing of their right under General Motors to be and remain non-members and of the rights of non-members under Beck to object to paying for union activities not germane to its duties as a bargaining agent and to obtain a reduction in dues and fees for such activity;

(b)    for each accounting period since December 21, 2000, provide the Charging Party with information setting forth its major categories of expenditures for the previous accounting year, distinguishing between representational and nonrepresentational activity;

(c)    charge the Charging Party, so long as he is a nonmember objector, only the portion of dues and fees expended on representational activity;

(d)    honor the Charging Party's right to object to paying for nonrepresentational activity regardless of whether he executes a dues check-off form;

(e)    notify in writing those employees who it initially sought to obligate to pay dues and fees under the union security clause of the collective-bargaining agreement on or after December 21, 2000, of their right to elect nonmember status and to make Beck objections with respect to one or more accounting periods for that period;

(f)    process Beck objections of any employees whom it initially sought to pay dues or fees under the union security clause after December 21, 2000, who elect nonmember status and file objections with reasonable promptness after receiving notice of their right to so object;

(g)    reimburse, with interest, the Charging Party and any other nonmember employees who file Beck objections, any dues and fees exacted from them for nonrepresentational activity, for each accounting period since December 21, 2000;

(h)     post a Notice to Members.

5.     Although the Union has asserted it has complied with the District of Columbia Circuit's Judgment enforcing the Board's Decision and Order, the Union has repeatedly failed to provide documents supporting its assertions as requested by the Board.  Accordingly, on January 17, 2007, the Board issued and served the Union with Subpoena Duces Tecum B-498163 (**Exhibit 3**), requiring the production of documents on February 7, 2007, to ascertain what steps the Union has taken, if any, to comply with the Board's Decision and Order.  Said subpoena was served by Federal Express Overnight Mail and by certified mail (**Exhibit 4**).  Shortly thereafter, Caleb A. Gray-Burriss, Executive Director of the Union, called the undersigned, acknowledged receipt of said subpoena and promised to send responsive documents.  However, with the exception of three letters which did not satisfy the request, [1] the Union has failed and refused to comply with the subpoena.

6.     Although Section 11(1) of the Act provides that a person subpoenaed may seek to have the subpoena revoked by filing a petition to revoke within five days of service of the subpoena, and those requirements are summarized on the face of the subpoena, a petition to revoke the subpoena at issue here was never filed.

7.     As noted previously, Section 11(2) of the Act, specifically authorizes the Board to make an "application" to the district court for a summary disposition of the Board's application to enforce the Board's subpoenas.  The Board's application is a dispositive matter, not a pre-trial

---

[1] Two of the letters are communication in 2001 between the Charging Party and the Union  previously provided to the Board's Region 5 during its initial investigation of the original charge and the third is a letter to the Board's Region 5 requesting that it refrain from sending documents to a person no longer the Union's General Counsel.

civil discovery matter in district court. "It is significant that the statute calls for an "application" rather than a petition, an "order" rather than for a judgment, and that it details no other procedural steps." Goodyear Tire & Rubber Co. v. NLRB, 122 F.2d 450, 451 (6th Cir. 1941).

8.    The failure and refusal of the Union to provide the requested information in compliance with the subpoena duces tecum, which information is relevant and material to the issues in the investigation of the Union's compliance with the Board's Decision and Order, has impeded and continues to impede the Board in the investigation of the matters before it, and has prevented and is preventing the Board from carrying out its duties and functions under the Act.

WHEREFORE, the applicant, National Labor Relations Board, respectfully prays that this Court enter an order forthwith:

(a)    Compelling the Union within 10 business days of this Order to provide the documents requested by Subpoena Duces Tecum B-498163.

(b)    Requiring the Union to reimburse the Board for the costs and attorneys fees (calculated at the prevailing market rate) incurred in initiating and prosecuting this subpoena enforcement action; and

(c)    That the applicant, National Labor Relations Board, have such other and further relief as may be necessary and appropriate.

SIGNED at Washington, District of Columbia, this 16th day of March, 2007.

NATIONAL LABOR RELATIONS BOARD


/s/ Stanley R. Zirkin_____
STANLEY R. ZIRKIN
Assistant General Counsel
(202) 273-3739
D.C. Bar #64683

JEAN C. LIBBY, Attorney
Contempt Litigation and Compliance Branch
1099 14th Street, NW, Suite 10700
Washington, D.C. 20005
(202) 273-1037
email:  jean.libby@nlrb.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


NATIONAL LABOR RELATIONS BOARD    )
1099 14th Street, NW, Suite 10700    )
Washington, D.C. 20005,    )
    )
          Applicant,    )
    )
     v.    )    Civil Action No.
    )
NATIONAL ASSOCIATION OF SPECIAL    )
POLICE AND SECURITY OFFICERS    )
1101 30th STREET, NW, SUITE 500    )
WASHINGTON, DC 20007,    )
    )
          Respondent.    )


MEMORANDUM IN SUPPORT OF APPLICATION OF THE NATIONAL
LABOR RELATIONS BOARD FOR AN ORDER REQUIRING COMPLIANCE
WITH AN INVESTIGATIVE SUBPOENA


The National Labor Relations Board, (the "Board"), an administrative agency of

the Federal Government, having made an application for an order requiring compliance

with a subpoena served on Respondent National Association of Special Police and

Security Officers (the "Union"), submits this memorandum in support of that application.

A.    **This Court Has Subject Matter Jurisdiction to Grant the Board's
      Application for Subpoena Enforcement.**

Section 11(1) of the Act, 29 U.S.C. §161(1), grants statutory authority to the

Board for the exercise of subpoena power.  That section states, in part:

> The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application.

*See Perdue Farms, Inc., Cookin' Good Div. v NLRB*, 144 F.3d 830, 834 (D.C. Cir. 1998);

*NLRB v. Carolina Food Processors*, 81 F.3d 507, 511 (4th Cir. 1996); *NLRB v. Alaska*

*Pulp Corp.*, 149 LRRM 2684, 2687 (D.D.C. 1995).

The United States district courts receive their power to order enforcement of

subpoenas by the Board by virtue of Section 11(2) of the Act (29 U.S.C. §161(2)). That

section states, in part:

> In case of contumacy or refusal to obey a subpoena issued to any person, any United States district court . . . within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question . . . .

*See NLRB v. U.S. Postal Servi*ce, 790 F.Supp. 31, 33 (D.D.C. 1992).

In the instant case, the Board is investigating whether the Union complied with

the Judgment of the United States Court of Appeals for the District of Columbia Circuit

enforcing the Board's Decision and Order regarding the Union's obligations to the

employees it represents under NLRB v. General Motors Corp., 373 U.S. 734 (1963) and

Communications Workers v. Beck, 487 U.S. 735 (1988), who are employed by Systems

Training and Resource Technologies, Inc., within this judicial district. Because the

inquiry pursuant to which the Board caused Subpoena Duces Tecum B-498163 to be served on the Union takes place within this judicial district, and the Union, through its certification to represent employees employed by the Employer at Federal Office Building Six in Washington, D.C., transacts business within this judicial district, this Court has jurisdiction under Section 11(2) of the Act to order its compliance with the subpoena.[1]

### B.    The Board's Application Procedure for Subpoena Enforcement is Appropriate

The Board's subpoena enforcement proceedings, authorized by Section 11(2) of the Act, are summary in nature. *See NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992); *North American Van Lines, Inc.,* 611 F. Supp. 760, 763 (N.D.Ind. 1985) (citing *NLRB v. G.H.R. Energy Corp.,* 707 F.2d 110, 113 (5th Cir. 1982)); *NLRB v. Frederick Cowan and Co., Inc.,* 522 F.2d 26, 28 (2d Cir. 1975). Section 11(2) specifically authorizes the Board to make an "application" to the district courts for a summary disposition, on the sole issue of whether or not to enforce the Board subpoenas.

It is well established that in a Section 11(2) enforcement case, the district court should treat the Board's application as a dispositive matter, and not as a pre-trial discovery matter. *Frazier*, 966 F.2d at 817-818. For, as one court recognized, "otherwise, the enforcement proceedings may become a means for thwarting the expeditious discharge of the agency's responsibilities." *See NLRB v. Interstate Dress Carriers, Inc.,* 610 F.2d 99, 112 (3d Cir. 1970). "[T]he question of whether or not to

---

[1] The subpoena, which requires the Union to provide documents to the Board, was served on the Union at its offices by Federal Express Overnight Mail and by certified mail (**see Application, Exhibit 4**).

3

enforce the subpoena is the only matter before the court.  The court's decision seals with

finality the district court proceeding and is subject to appellate review." *Frazier*, 966

F.2d at 818.  Indeed, the limited nature of this jurisdictional grant to the district court

contained in Section 11(2) is a consequence of Congress' recognition of the importance

of providing the Board with a means of prompt enforcement of its subpoenas so that it

can effectively carry out its statutory mission.

Consistent with the authorization contained in Section 11(2) of the Act and the

need to avoid unnecessary delay of the Board's processes, the Board's practice has long

been to file an application with the district court to enforce the Board's subpoenas.  *See*

*NLRB v. U.S. Postal Servi*ce, 790 F.Supp. at 32.  Section 11(2) specifically provides that

a subpoena enforcement proceeding is commenced by an application, not by complaint or

motion and notice of motion.  As explained long ago by the Sixth Circuit *in Goodyear*

*Tire & Rubber Co. v. NLRB*, 122 F.2d 450 (6th Cir. 1941), in a case challenging the

Board's failure to serve a summons and complaint in a subpoena enforcement

proceeding:

> [T]he proceedings plainly are of a summary nature not requiring
> the issuance of process, hearing, findings of fact, and the elaborate process
> of a civil suit.  We think the procedure to be followed in the district court
> is controlled by Section 11(2) of the Act . . . .
> It is significant that the statute calls for an "application" rather than
> a petition, an "order" rather than a judgment, and that it details no other
> procedural steps.  Obviously, if the enforcement of valid subpoenas, the
> issuance of which is a mere incidence in a case, were to require all of the
> formalities of a civil suit, the administrative work of the Board might often
> be subject to great delay.  We think that such was not the intention of
> Congress.

*Id.* at 451; *See also Interstate Dress Carriers*, 610 F.2d at 112; *U.S. v. Vivian*, 224 F.2d

53, 57 (7th Cir. 1955).

4

Thus, the Board's application procedure for seeking enforcement of the subpoena issued to the Union in the instant case is appropriate.

**C.    This Court Should Grant the Board's Application for Subpoena Enforcement Because the Subpoena Seeks Relevant Information**

Subpoenas from the Board are subject to limited judicial review. A district court will enforce a Board subpoena if the investigation is legitimate, the subpoena is not overly broad, and the records or testimony sought are relevant to the inquiry. *See U.S. Postal Service*, 790 F.Supp. at 34 (citing *United States v. Morton Salt Co*., 338 U.S. 632, 652 (1964)); *NLRB v. North Bay Plumbing*, 102 F.3d 1005, 1007 (9th Cir. 1996*); Frazier*, 966 F.2d at 815; *NLRB v. Williams*, 396 F.2d 247, 249 (7th Cir. 1968).

The burden on a party seeking to evade compliance with a subpoena is not a meager one. The party must show that the subpoena serves purposes outside the realm of authority of the issuing agency. If this threshold is not reached, the court should enforce the subpoena. Frazier, 966 F. 2d at 818.

The information sought by the subpoena duces tecum served on the Union in the instant case is relevant to the issues under investigation. As discussed earlier, the Board is investigating what steps the Union has taken to comply with the District of Columbia Circuit Court's Judgment enforcing a Decision and Order of the National Labor Relations Board regarding the Union's obligations to the employees it represents under NLRB v. General Motors Corp., 373 U.S. 734 (1963) and Communications Workers v. Beck, 487 U.S. 735 (1988). The Union has ignored the Board's efforts to obtain the information voluntarily. Paragraphs 1-3 of the subpoena seek information regarding the Union's

obligations to the employees in represents under <u>NLRB v. General Motors Corp.</u>, *supra*, and paragraphs 3-9, 13-14, 16 seek information regarding the Union's obligations to the employees it represents under <u>Communications Workers v. Beck</u>, *supra*. Paragraphs 10-12, and 15 seek information regarding the Union's obligations to Charging Party George L. Rock. Paragraphs 17 and 18 seek information regarding the Union's dues' policies and procedures and the remaining paragraphs, paragraphs 19-22, seek the Union's basic operating documents and finances.

In sum, the evidence requested by the aforementioned subpoena is relevant to the Board's investigation into whether the Union has complied with the Court Judgment in this matter. Accordingly, the Union should be ordered to fully obey the subpoena requiring it to provide documents to the Board.

### D.    The Union Is Estopped From Challenging the Validity of the Subpoena.

The Union has no legitimate defenses for its failure to obey the subpoena duces tecum. Although entitled to do so, the Union failed to challenge the subpoena through the available administrative procedures. Section 11(2) of the Act provides for a period of five (5) days after the service of a subpoena within which any person served with a subpoena may petition the Board to revoke the subpoena. The face of the subpoena spells out these requirements. The Union did not file any such petition to revoke the subpoena. Having failed to exhaust available administrative remedies with respect to the subpoena, the Union should be precluded form challenging said subpoenas before this Court. See <u>Maurice v. NLRB</u>, 691 F.2d 182, 183 (4th Cir. 1982) (reversing district

court's order enjoining enforcement of Board subpoena, where subpoenaed party failed to exhaust administrative remedies); NLRB v. Bacchi, 175 LRRM 2908, 2911 (E.D.N.Y. 2004); NLRB v. McDermott, 173 LRRM 2185, 2190 (D.Colo. 2003); NLRB v. Coughlin, 176 LRRM 3197, 3199-01 (S.D.Ill. 2005); Baywatch Security and Investigations, 2005 WL 1155109, at *2.

 

      **E.**    **The Board Is Entitled To Be Reimbursed for the Costs Incurred in Initiating and Prosecuting This Subpoena Enforcement Action.**

     The Union has interposed no legitimate objections to obedience with the subpoenas. Indeed, it has raised no objections at all. Under these circumstances, the Board is entitled to an award of cost and attorneys' fees incurred in initiating and prosecuting this subpoena enforcement action. See Cable Car Advertisers, 319 F.Supp.2d 991, 999-01 (N.D.Cal. 2004); Coughlin, 176 LRRM at 3202; NLRB v. A.G.F. Sports, Ltd., 146 LRRM 3022, 3024 (E.D.N.Y. 1994); Baywatch Security and Investigations, 2005 WL 1155109, at *3

.

                **CONCLUSION**

     For the reasons set forth above, the Board respectfully requests that this Court enter an order requiring the Union's complete and immediate obedience to Subpoena Duces Tecum B-498163 by compelling it to provide the documents requested by the

subpoena and requiring the Union to reimburse the Board for the costs and attorneys' fees incurred in initiating and prosecuting this subpoena enforcement action.  A proposed order is enclosed.

NATIONAL LABOR RELATIONS BOARD


/s/ Stanley  R. Zirkin  _____
STANLEY R. ZIRKIN
Assistant General Counsel
(202) 273-3739
D.C. Bar # 64683

JEAN C. LIBBY
Attorney
Contempt Litigation and Compliance Branch
1099 14th Street, NW, Suite 10700
Washington, D.C. 20005
(202) 273-1037

DATED at Washington, D.C.
this 16th day of March, 2007.

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD

NATIONAL ASSOCIATION OF SPECIAL
POLICE AND SECURITY OFFICERS (SYSTEMS
TRAINING AND RESOURCE TECHNOLOGIES, INC.)

and                                    Case 5-CB-9219

GEORGE L. ROCK

DECISION AND ORDER

Statement of the Case

On July 14, 2005, National Association of Special
Police and Security Officers (the Respondent), George L.
Rock (the Charging Party), and the General Counsel of the
National Labor Relations Board entered into a Formal
Settlement Stipulation, subject to the Board's approval,
providing for the entry of a consent order by the Board and
a consent judgment by any appropriate United States Court
of Appeals.  The parties waived all further and other
proceedings before the Board to which they may be entitled
under the National Labor Relations Act and the Board's
Rules and Regulations, and the Respondent waived its right
to contest the entry of a consent judgment or to receive
further notice of the application therefor.

The National Labor Relations Board has delegated its
authority in this proceeding to a three-member panel.

The Formal Settlement Stipulation is approved and made
a part of the record, and the proceeding is transferred to
and continued before the Board in Washington, D.C., for the
entry of a Decision and Order pursuant to the provisions of
the Formal Settlement Stipulation.[1]

---

[1]    Par. 1(3) of the Order inadvertently provides that the
Respondent shall cease and desist from "interfering with"
employees in the exercise of their Sec. 7 rights.  The
quoted language is not appropriate where, as here, the
Respondent is a Union.  We shall modify par. 1(e)
accordingly.

Although par. 2(h) of the Order provides that the
Respondent shall post the notice in all places where



Based on the Formal Settlement Stipulation and the
entire record, the Board makes the following:

## Findings of Fact

1.  The Employer's business

At all material times, Systems Training and Resource
Technologies, Inc. (the Employer), a District of Columbia
corporation with an office and place of business in
Washington, D.C., has been engaged in the business of
providing security services to governmental agencies and
businesses.

During the year ending December 31, 2000, the
Employer, in conducting its business operations described
above, performed services valued in excess of $50,000 in
states outside the District of Columbia.

At all material times, the Employer has been an
employer engaged in commerce within the meaning of Section
2(2), (6), and (7) of the Act.

2.  The labor organization involved

At all material times, the Respondent has been a labor
organization within the meaning of Section 2(5) of the Act.

On or about May 30, 2000, the Respondent was certified
as the exclusive collective-bargaining representative of
the following employees of the Employer (the Unit), for the
purposes of collective bargaining within the meaning of
Section 9(b) of the Act:

All full-time and regular part-time security
guards employed by the Employer at Federal Office
Building Six in Washington, D.C.; but excluding
all non-guard employees, officers and directors

---

notices to "employees and members" are customarily posted,
the notice is addressed only to "Members," rather than to
"Employees and Members."  The error appears to be
inadvertent, and we have corrected it consistent with
standard Board practice for cases of this kind.  See, e.g.,
*Teamsters Local 492 (United Parcel Service)*, 346 NLRB No.
37 (2006).

of the Employer, project manager, supervisors,
and managerial employees.

## ORDER

Based on the above findings of fact, the Formal
Settlement Stipulation, and the entire record, and pursuant
to Section 10(c) of the National Labor Relations Act, the
National Labor Relations Board orders that:

The Respondent, National Association of Special
Police and Security Officers, its officers, agents, and
representatives shall:

1.  Cease and desist from:

Restraining or coercing Unit employees, as set forth
above, in the exercise of the rights guaranteed in Section
7 of the National Labor Relations Act, as amended by:

(a) Failing to notify unit employees, when it first
seeks to obligate them to pay dues and fees under a union-
security clause, of their right under *NLRB v. General
Motors Corp.*, 373 U.S. 734 (1963), to be and remain non-
members, and of the rights of non-members under
*Communications Workers v. Beck*, 487 U.S. 735 (1988), to
object to paying for union activities not germane to its
duties as bargaining agent and to obtain a reduction in
dues and fees for such activities;

(b) Failing to provide the Charging Party and other
unit employees who resign their union membership and file
*Beck* objections with information about the percentage
reduction in dues and fees charged *Beck* objectors, the
basis for that calculation, and the right to challenge
those figures;

(c) Charging non-member bargaining unit employees,
including the Charging Party, for non-representation
activities after they file *Beck* objections;

(d) Telling unit employees that objections by non-
members to paying for non-representational activities must
be made by January 30, an arbitrary date not consistent
with its *Beck* obligations;

3

(e) In any other manner restraining or coercing Unit employees in the exercise of rights guaranteed them by Section 7 of the Act.

2.    Take the following affirmative action which the National Labor Relations Board finds will effectuate the policies of the National Labor Relations Act:

(a) Notify all bargaining unit employees in writing of their right under *General Motors* to be and remain non-members and of the rights of non-members under *Beck* to object to paying for union activities not germane to its duties as bargaining agent and to obtain a reduction in dues and fees for such activities.  In addition, the notice will include sufficient information to enable the employees to intelligently decide whether to object, as well as a description of any internal union procedures for filing objections.

(b) For each accounting period since December 21, 2000, provide the Charging Party with information setting forth its major categories of expenditures for the previous accounting year and distinguishing between representation and non-representational functions.

(c) Charge the Charging Party, so long as he is a non-member objector, only the portion of dues and fees representing his share of its expenditures for representational functions.

(d) Honor the rights of the Charging Party to object to paying for non-representational activities regardless of whether he executes a dues check-off form.

(e) Notify in writing those employees who it initially sought to obligate to pay dues or fees under the union-security clause in the collective-bargaining agreement on or after December 21, 2000, of their right to elect non-member status and to make *Beck* objections with respect to one or more of the accounting periods covered by the Complaint.

(f) Process the *Beck* objections of any employees whom it initially sought to obligate to pay dues or fees under the union-security clause on or after December 21, 2000 who elect non-member status and file objections with reasonable

promptness after receiving notice of their right to so object.

(g) Reimburse, with interest, the Charging Party and any other non-member bargaining unit employees who file *Beck* objections with the Respondent, for any dues and fees exacted from them for non-representation activities, for each accounting period since December 21, 2000.

(h) Upon approval of this Settlement Stipulation, within 14 days of service by the Region post at the Respondent's office copies of the attached Notice to Employees and Members. Copies of the Notice, on forms provided by the Regional Director for Region 5, after being signed by the Respondent's representative, shall be posted immediately upon receipt and be maintained for 60 consecutive days in conspicuous places, including all places where notices to employees and members are customarily posted. The Respondent also shall post on bulletin boards maintained by the Respondent at the Employer's facility, where the unfair labor practices occurred, copies of the attached Notice. Reasonable steps shall be taken by the Respondent to ensure that such Notices are not altered, defaced, or covered by any other material.

(i) In the event that, during the pendency of these proceedings, Systems Training and Resource Technologies, Inc. is no longer the Employer of the Unit employees at Federal Office Building Six in Washington, D.C., and there is no successor Employer whose Unit employees are represented by the Respondent at this location, the Respondent shall duplicate and mail, at its own expense, a copy of the Notice to all current employees and former employees employed in the Unit at any time since December 21, 2000.

(j) Mail to the Regional Director for Region 5 signed copies of the Notice for posting, if Systems Training and Resource Technologies, Inc. is willing, in the Employer's facility at Federal Office Building Six in Washington, D.C., in the places where notices to employees are customarily posted. Copies of the Notice, on forms provided by the Regional Director for Region 5, after having been signed by the Respondent's representative, shall be forthwith returned to the Regional Director for such posting by the Employer.

(k) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C., June 6, 2006.

| | |
|---|---|
| Robert J. Battista, | Chairman |
| Peter N. Kirsanow, | Member |
| Dennis P. Walsh, | Member |

(SEAL)    **NATIONAL LABOR RELATIONS BOARD**

NOTICE TO EMPLOYEES AND MEMBERS

Posted by Order of the
National Labor Relations Board
An Agency of the United States Government

Pursuant to a stipulation providing for a Board order and a
consent judgment of any appropriate United States Court of
Appeals.

FEDERAL LAW GIVES YOU THE RIGHT TO:

To organize,
Form, join or assist a union
Choose representatives to bargain on your behalf with
your employer
Act together with other employees for your benefit
and protection
Choose not to engage in any of these protected
activities

In recognition of your rights:

WE WILL NOT fail to notify unit employees, when we first
seek to obligate them to pay dues and fees under a union-
security clause, of their right under *NLRB v. General
Motors Corp.*, 373 U.S. 734 (1963), to be and remain non-
members, and of the rights of non-members under
*Communications Workers v. Beck*, 487 U.S. 735 (1988), to
object to paying for union activities not germane to our
duties as bargaining agent and to obtain a reduction in
dues and fees for such activities.

WE WILL NOT fail to provide GEORGE L. ROCK and other unit
employees who resign their union membership and file *Beck*
objections with information about the percentage reduction
in dues and fees charged *Beck* objectors, the basis for
that calculation, and the right to challenge those
figures.

WE WILL NOT charge non-member bargaining unit employees,
including GEORGE L. ROCK, for non-representation
activities after they file *Beck* objections.

WE WILL NOT tell unit employees that objections by non-
members to paying for non-representational activities must

7

be made by January 30, an arbitrary date not consistent with our *Beck* obligations.

WE WILL NOT in any manner restrain or coerce you in the exercise of rights guaranteed you by Section 7 of the Act.

WE WILL notify all bargaining unit employees in writing of their right under *General Motors* to be and remain non-members and of the rights of non-members under *Beck* to object to paying for union activities not germane to our duties as bargaining agent and to obtain a reduction in dues and fees for such activities.  In addition, the notice will include sufficient information to enable the employees to intelligently decide whether to object, as well as a description of any internal union procedures for filing objections.

WE WILL, for each accounting period since December 21, 2000, provide GEORGE L. ROCK with information setting forth our major categories of expenditures for the previous accounting year and distinguishing between representation and non-representational functions.

WE WILL, so long as GEORGE L. ROCK is a non-member objector, charge him only the portion of dues and fees representing his share of our expenditures for representational activities.

WE WILL honor the rights of GEORGE L. ROCK to object to paying for non-representational activities regardless of whether he executes a dues check-off form.

WE WILL notify in writing those employees whom we initially sought to obligate to pay dues or fees under the union-security clause in the collective-bargaining agreement on or after December 21, 2000, of their right to elect non-member status and to make *Beck* objections with respect to one or more of the accounting periods covered by the Complaint.

WE WILL process the *Beck* objections of any employees whom we initially sought to obligate to pay dues or fees under the union-security clause on or after December 21, 2000 who elect non-member status and file objections with reasonable promptness after receiving notice of their right to so object.

8

WE WILL reimburse, with interest, GEORGE L. ROCK and any
other non-member bargaining unit employees who file *Beck*
objections with us, for any dues and fees exacted from them
for non-representation activities, for each accounting
period since December 21, 2000.

The unit is:  All full time and regular part time
security guards employed by Systems Training and Resource
Technologies, Incorporated at Federal Office Building Six
in Washington, D.C.; but excluding all non-guard employees,
officers and directors of the Employer, project manager,
supervisors and managerial employees.

NATIONAL ASSOCIATION OF SPECIAL
POLICE AND SECURITY OFFICERS

_____
(Respondent)

DATE: _____  BY: _____
                             (Representative)     (Title)

The National Labor Relations Board is an independent
Federal Agency created in 1935 to enforce the National
Labor Relations Act.  It conducts secret-ballot elections
to determine whether employees want union representation
and it investigates and remedies unfair labor practices by
employers and unions.  To find out more about your rights
under the Act and how to file a charge or election
petition, you may speak confidentially to an agent at the
Board's Regional Office set forth below.  You may also
obtain information from the Board's website: www.nlrb.gov.

Region 5                          Telephone: (410) 962-2822
103 South Gay Street, 8th Floor     Hours of Operation: 8:15
Baltimore, MD  21202                    a.m. to 4:45 p.m.

Washington Resident Office    Telephone: (202) 208-3000
1099 14th Street, NW          Hours of Operation: 8:15 a.m.
Washington, DC 20570                to 4:45 p.m.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-1207**                                    **September Term, 2005**

**Filed On:**

> UNITED STATES COURT OF APPEALS
> FOR DISTRICT OF COLUMBIA CIRCUIT
>
> FILED     SEP 1 3 2006
>
> CLERK

National Labor Relations Board,
         Petitioner

     v.

National Association of Special Police and Security
Officers,
         Respondent

      **BEFORE:**    Ginsburg, Chief Judge, and Sentelle and Brown,
                    Circuit Judges

## O R D E R

Upon consideration of the application for enforcement of an order of the National Labor Relations Board upon stipulation of the parties for consent judgment and the proposed judgment, it is

**ORDERED and ADJUDGED** that the application be granted.  The order of the National Labor Relations Board in the proceeding numbered 5-CB-9219 is hereby enforced.  The Clerk is directed to enter the judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

GOVERNMENT
EXHIBIT
a

SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To     National Association of Special Police and Security Officers

As requested by   Jean C. Libby, Attorney, Contempt Litigation & Compliance Branch

whose address is     1099 14th St., N.W., Suite 10700, Washington, DC    20005

                   (Street)                   (City)               (State)        (Zip)

YOU ARE HEREBY REQUIRED AND DIRECTED TO ~~APPEAR BEFORE~~ PRODUCE TO   Jean C. Libby,

    Attorney                              of the National Labor Relations Board

at    1099 14th St., N.W., Suite 10700,

in the City of    Washington, DC

on the    7th    day of     February       20 07    at    10:00   (a.m.) ~~(p.m.)~~ or any adjourned

or rescheduled date ~~to testify~~ in   connection with National Association of Special Police

   and Security Officers (Systems Training and Resource Technologies, Inc.),

                               (Case Name and Number)

   06-1207 (D.C. Cir.), 5-CB-9219

      ~~And you are hereby required to bring with you and produce at said time and place~~ the following books, records, correspondence, and documents:

See Attachment

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**B-** 498163           Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at Washington, DC

this 17 day of January                     20 07

*Robert J. Battista*

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena a at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel Relations Board shall submit this subpoena with the voucher when claiming reimbursement.



GOVERNMENT
EXHIBIT
3
PENGAD-Bayonne, N.J.

## ATTACHMENT TO SUBPOENA B-

## DEFINITIONS AND INSTRUCTIONS

A.  The word "document" or "documents" means any printed, typewritten, handwritten or otherwise recorded material of whatever character including, without limitation, letters, memoranda, telegrams, minutes, notes, contracts, transcripts, diaries, reports, calendars, interoffice communications, statements, affidavits, photographs, microfilm, audio or video tapes or recordings, computer printouts, computer disks and all data contained thereon, and any carbon, photographic or other duplicative copies of any such material in the possession of, control of, or available to the subpoenaed party, or any attorney, agent representative or other person acting in cooperation with, in concert with, or on behalf of said subpoenaed party.

B.  The word "person" or "persons" means natural persons, corporations, partnership, sole proprietorships, associations, and/or any other kind of entity.

C.  Whenever used herein, the singular shall be deemed to include the plural, and vice-versa; the present tense shall be deemed to include the past tense, and vice-versa; references to parties shall be deemed to refer to any and all of their owners, officers, representatives and agents; the masculine shall be deemed to include the feminine and vice-versa; the disjunctive "or" shall be deemed to include the conjunctive "and", and vice-versa; and each of the words "each", "every", "any", and "all" shall be deemed to include each of the other words.

D.  The word "agent" shall include owners, officers, representatives, managers, and supervisors.

E.  The terms "copy" or "copies" shall refer to exact and complete copies of original documents.

F.  Copies may be produced in lieu of originals, provided that such copies are exact and complete copies of original documents and that the original documents be made available at the time of production for the purposes of verifying the accuracy of such copies. Any copies of original documents, which are different in any way from the original, whether by interlineation, receipt, stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original, documents and must be produced separately from the originals or copies of originals.

G.  Documents subpoenaed shall include all documents in your physical possession, custody or control, your present or former supervisors,

agents, attorneys, accountants, advisors, investigators, and any other persons and companies directly or indirectly employed by, or connected with you.

H.   This request contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

H.   Unless otherwise stated, each item in this subpoena covers the period from December 21, 2000, through the date of this subpoena.

I.   As to any documents not produced in compliance with this subpoena on any ground or if any requested document was, through inadvertence or otherwise, destroyed, state or describe:

> (a). the author,
> (b). the recipient,
> (c). the name of each person to whom a copy was sent,
> (d). the date of the document,
> (e). the subject matter of the document, and
> (f). the circumstances under which the document was destroyed or withheld.

J.   All documents produced pursuant to this subpoena should be organized by the subpoena paragraph that each document or set of documents is responsive to, and labels referring to that subpoena paragraph should be affixed to each document or set of documents.

K.   This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

L.   For any document requested in this subpoena, if the document uses a code (e.g., code number identifying employees or a truck) then all documents explaining the codes used in the document are subject to this subpoena.

M.   For the purposes of this subpoena the term "bargaining unit employees" refers to the following employees:

> All full-time and regular part-time security guards employed by the Employer at Federal Office Building Six in Washington, D.C.; but excluding all non-guard employees, officers and directors of the Employer, project manager, supervisors, and managerial employees.

2

N.      For the purpose of reducing delay and expense, an agent of the National
Labor Relations Board will be available to meet with you, or your
designated or legal representative, at a mutually agreed-upon time and
place, prior to the return date of the subpoena, for the purpose of
examining and/or copying the documents subpoenaed, and/or to enter into
stipulations concerning the contents of the subpoenaed documents.

## DOCUMENTS REQUESTED

1.      Documents reflecting the policies or procedures of the National
Association of Special Police and Security Officers, herein called Respondent, for
electing non-member status or resigning union membership that were in effect
from December 21, 2000 to the present.

2.      Written communication from Respondent to bargaining unit employees
from whom Respondent requested payment of dues or fees under the union-
security clause of the collective-bargaining agreement between Respondent and
Systems Training and Resource Technologies, Inc., herein called the Employer,
on or after December 21, 2000, notifying them of their right under *NLRB v.
General Motors Corp.*, 37 U.S. 8734(1963) to elect non-member status or resign
with respect to all accounting periods from December 21, 2000 to the present.

3.      The names of the employees to whom the communications referred to in
paragraph 2 were sent, along with the addresses and dates the communications
were sent.

4.      Documents containing the requests of bargaining unit employees to elect
non-member status or to resign union membership from December 21, 2000 to
the present.

5.      Written communication sent by Respondent, from December 21, 2000 to
the present, to bargaining unit employees notifying them of their right under
*Communications Workers v. Beck, 437 U.S. 735(1988)* to object to paying for
union activities not germane to Respondent's duties as bargaining agent, herein
called non-representational activities, and to obtain a reduction in dues and fees
for such activities.

6.      The names of the employees to whom the communications referred to in
paragraph 5 were sent, along with the addresses and dates the communications
were sent.

3

7.    Documents setting forth Respondent's policies or procedures for apportioning expenditures as representational and non-representational in effect for every accounting year from December 21, 2000 to the present

8.    Documents showing Respondent's expenditures for representational and non-representational activities for every accounting period from December 21, 2000 to the present and the documents relied upon by Respondent to support its decision to apportion the expenditures for representational and non-representational activities.

9.    Documents reflecting Respondent's policy or procedure for reducing dues and fees requested from non-members who object to the payment of dues and fees for non-representational activities.

10.    Written communication sent by Respondent to employee George Rock for each accounting period from December 21, 2000 to the present setting forth the major categories of expenditures for the previous accounting year and distinguishing between representational and non-representational activities.

11.    Documents reflecting payments of dues or fees requested by Respondent from employee George Rock from December 21, 2000 to the present.

12.    Documents reflecting steps Respondent has undertaken to honor employee George Rock's right to object to paying for non-representational activities regardless of whether he executes a dues check-off form.

13.    Documents containing the objections of bargaining unit employees under *Beck* to paying for non-representational activities and to obtain a reduction in dues and fees for such activities.

14.    Documents reflecting action taken by Respondent with regard to the objections referred to in paragraph 13 for all bargaining unit employees from whom Respondent requested payment of dues or fees under the union-security clause of the collective-bargaining agreement on or after December 21, 2000.

15.    Documents reflecting reimbursement for any dues and fees Respondent made to employee George Rock and any other bargaining unit employees who submitted objections under *Beck* to paying for non-representational activities and to obtain a reduction in dues and fees for such activities for each accounting period since December 21, 2000.

16.    Documents reflecting Respondent's policy or procedure for employees' submission of objections under *Beck* to paying for union activities not germane to Respondent's duties as bargaining agent and to obtain a reduction in dues and fees for such activities that were in effect from December 21, 2000 to the present.

4

17.    Documents reflecting Respondent's policy or procedure for dues checkoff authorization for bargaining unit employees that were in effect from December 21, 2000 to the present under the union security clause of the collective-bargaining agreement between Respondent and the Employer.

18.    Collective-bargaining agreements, supplemental agreements, amendments to agreements or memoranda of understanding between Respondent and the Employer regarding union security, union dues and fees, and union membership in effect from December 21, 2000 to the present.

19.    Respondent's constitution, amendments thereto, bylaws, policies and procedures in effect from December 21, 2000 to the present.

20.    Audited financial statements of Respondent for the period December 21, 2000 to the present.

21.    Documents filed by Respondent with the United States Department of Labor pursuant to its reporting requirements, including but not limited to LM-2 Reports, for the years 2000 to the present.

22.    Documents reflecting all dues and fees received from the Employer on behalf of bargaining unit employees pursuant to the union security clause of the collective-bargaining agreement between Respondent and the Employer from December 21, 2000 to the present.

UNITED STATES POSTAL SERVICE

Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jean Libby, Attorney
**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**1099 14TH STREET N.W.** – Suite 10700
**WASHINGTON, D.C. 20570-0001**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _R. Kincaid_ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery<br>_R. Kincaid_  1/19/07 |
| 1. Article Addressed to:<br><br>Caleb Burris<br>National Association of Special<br>Police and Security Officers<br>1101 30th St., NW<br>Suite 500<br>Washington, DC    20007 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>[postmark: WASHINGTON DC 20036 JAN 22 2007 USPS]<br><br>3. Service Type<br>☒ Certified Mail  ☒ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| | 07-CLB-14 |
| 2. Article Number<br>(Transfer    7003 2260 0005 4463 0121 | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To    Caleb Burris

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

7003 2260 0005 4463 0121


GOVERNMENT
EXHIBIT
4

# FedEx Express

## US Airbill

**From** *Please print and press hard.*

Date **1/17/07**

Sender's FedEx Account Number **1179-8491-5**

Sender's Name **Jean Libby**   Phone ( **202** ) **273-1037**

Company **NATIONAL LABOR RELATIONS BOARD**

Address **1099 14TH ST NW**   Dept./Floor/Suite/Room

City **WASHINGTON**   State **DC**   ZIP **20005**

**Your Internal Billing Reference** *First 24 characters will appear on invoice.*   **Contempt Lit.**

**To**

Recipient's Name **Caleb Burris**   Phone ( )

Company **National Association of Special Police and Security Officers**

Recipient's Address **1101 30th St. NW, Suite 500**   Dept./Floor/Suite/Room

*We cannot deliver to P.O. boxes or P.O. ZIP codes.*

Address

*To request a package be held at a specific FedEx location, print FedEx address here.*

City **Washington**   State **DC**   ZIP **20007**

0341993748

**Ship and track packages at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

**4a Express Package Service**   *Packages up to 150 lbs.*

[X] FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx Standard Overnight
Next business afternoon.* Saturday Delivery NOT available.

[ ] FedEx First Overnight
Earliest next business morning delivery to select locations.* Saturday Delivery NOT available.

[ ] FedEx 2Day
Second business day.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx Express Saver
Third business day.* Saturday Delivery NOT available.

* To most locations.

FedEx Envelope rate not available. Minimum charge: One-pound rate.

**4b Express Freight Service**   *Packages over 150 lbs.*

[ ] FedEx 1Day Freight*
Next business day.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx 2Day Freight
Second business day.** Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx 3Day Freight
Third business day.** Saturday Delivery NOT available.

* Call for Confirmation.   ** To most locations.

**5 Packaging**

[X] FedEx Envelope*   [ ] FedEx Pak*
*Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak.*   [ ] FedEx Box   [ ] FedEx Tube   [ ] Other

* Declared value limit $500.

**6 Special Handling**   *Include FedEx address in Section 3.*

[ ] SATURDAY Delivery
NOT Available for FedEx Standard Overnight, FedEx First Overnight, FedEx Express Saver, or FedEx 2Day Freight.

[ ] HOLD Weekday
at FedEx Location
NOT Available for FedEx First Overnight.

[ ] HOLD Saturday
at FedEx Location
Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

**Does this shipment contain dangerous goods?**
*One box must be checked.*

[X] No   [ ] Yes
As per attached Shipper's Declaration.   [ ] Yes
Shipper's Declaration not required.   [ ] Dry Ice
Dry Ice, 9, UN 1845 _____ kg

[ ] Cargo Aircraft Only

*Dangerous goods (including dry ice) cannot be shipped in FedEx packaging.*

**7 Payment** *Bill to:*   Enter FedEx Acct. No. or Credit Card No. below.

[X] Sender
Acct. No. in Section 1 will be billed.   [ ] Recipient   [ ] Third Party   [ ] Credit Card   [ ] Cash/Check

FedEx Acct. No.
Credit Card No.   Exp. Date

| Total Packages | Total Weight | Total Declared Value† |
|---|---|---|
| | | $ .00 |

† Our liability is limited to $100 unless you declare a higher value. See back for details. By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.   FedEx Use Only

**8 NEW Residential Delivery Signature Options** *If you require a signature, check Direct or Indirect.*

[ ] No Signature Required
Package may be left without obtaining a signature for delivery.   [ ] Direct Signature
Anyone at recipient's address may sign for delivery. Fee applies.   [ ] Indirect Signature
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. Fee applies.

**519**



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

March 15,2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **858569998692**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery date: | Jan 18, 2007 09:26 |
| Signed for by: | K.NICHOLES | | |
| Service type: | Priority Envelope | | |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 858569998692 | Ship date: | Jan 17, 2007 |

Recipient:
US

Shipper:
US

Reference

CONTEMPT LIT

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| **1099 14th Street, NW, Suite 10700** | ) | |
| **Washington, D.C. 20005,** | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. |
| | ) | |
| **NATIONAL ASSOCIATION OF SPECIAL** | ) | |
| **POLICE AND SECURITY OFFICERS** | ) | |
| **1101 30th STREET, NW, SUITE 500** | ) | |
| **WASHINGTON, DC 20007,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that one copy of the Board's APPLICATION OF THE

NATIONAL LABOR RELATIONS BOARD FOR AN ORDER REQUIRING COMPLIANCE

WITH AN INVESTIGATIVE SUBPOENA, MEMORANDUM IN SUPPORT OF

APPLICATION OF THE NATIONAL LABOR RELATIONS BOARD FOR AN ORDER

REQUIRING COMPLIANCE WITH AN INVESTIGATIVE SUBPOENA, and PROPOSED

ORDER was this day served by FEDERAL EXPRESS upon Respondent National Association of

Special Police and Security Officers at the following address:

> National Association of Special Police and Security Officers
> 1101 30th St., NW, Suite 500
> Washington, DC 20007

> /s/ Jean C. Libby_____
> Jean C. Libby
> Attorney
> Contempt Litigation and Compliance Branch
> 1099 14th Street, NW, Suite 10700
> Washington, D.C. 20005
> (202) 273-1037

Dated at Washington, D.C.
this 16th day of March, 2007.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

ORIGINAL

**I (a) PLAINTIFFS**

National Labor Relations Board

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stanley R. Zirkin, Assistant General Counsel
Jean C. Libby, Attorney
Contempt Litigation and Compliance Branch
1099 14th St., NW, Suite 10700
Washington, DC 20005

**DEFENDANTS**

National Association of Special Police and Security
Officers

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) District of Columbia
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:07-cv-00551
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 3/19/2007
Description: Nat'l Labor V. Nat'l Assoc. of Police

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ● 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**      OR      **○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☒ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

National Labor Relations Act

---

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** ⌐ ‒ ‒ ‒ ‒ ‒ ‒ ¬ Check YES only if demanded in complaint<br>**JURY DEMAND:**   YES ☐   NO ☐ |
|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction)   YES ☐   NO ☒   If yes, please complete related case form. |
|---|---|

DATE  March 16, 2007          SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.