UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br>1099 14th Street, NW, Suite 10700<br>Washington, D.C. 20005,<br><br>    Applicant,<br><br>    v.<br><br>NATIONAL ASSOCIATION OF SPECIAL<br>POLICE AND SECURITY OFFICERS<br>1101 30th STREET, NW, SUITE 500<br>WASHINGTON, DC 20007,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.  07-551 (ckk)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# MOTION OF NATIONAL LABOR RELATIONS BOARD
# FOR AN ORDER OF ADJUDICATION IN
# CIVIL CONTEMPT AND FOR OTHER CIVIL RELIEF

The National Labor Relations Board ("the Board") respectfully moves the Court to adjudge Respondent National Association of Special Police and Security Officers in civil contempt for failing and refusing to comply in any respect with the Court's April 10, 2007 Subpoena Enforcement Order ("Order"), and for other civil relief.

In support of its motion, the Board, upon information and belief, alleges as follows:

## I. JURISDICTION

This Court has the inherent power to enforce compliance with its lawful orders through civil contempt.  Morales Feliciano v. Hernandez Colon, 697 F.Supp. 26, 34 (D.

Puerto Rico 19).  "The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches."  <u>Young v. U.S. ex rel Vuitton et Fils, S.A.</u>, 481 U.S. 787, 796 (1987).  The contempt power is also codified in 18 U.S.C. §401.

## II.  THE RELEVANT FACTS

1. On March 21, 2007, the Board filed with the Court an Application for an Order Requiring Compliance With Investigative Subpoena issued by the Board on January 17, 2007.  The subpoena required Respondent to produce records to enable the Board to determine whether Respondent has complied with the judgment issued by the United States Court of Appeals for the District of Columbia Circuit in <u>N.L.R.B. v. National Association of Special Police and Security Officers</u> (06-1207), on September 13, 2006.

2. On April 10, 2007, this Court entered an Order granting the Board's Application, and directing Respondent to provide the documents requested in Board Subpoena Duces Tecum B-498163, within ten (10) business days of the Order by delivering them by overnight mail to the Board's offices in Washington, DC (Contempt Litigation and Compliance Branch, National Labor Relations Board, 1099 14th St., NW, Suite 10700, Washington, DC 20750, Attn: Jean C. Libby) on or before the due date. (Exhibit 1).

3. On April 11, 2007, Respondent was sent a copy of the Court's April 10, 2007, Order accompanied by a letter directing Respondent to produce the documents requested in the Board's subpoena by the close of business on April 23, 2007, in

accordance with the Order. A copy of this letter is attached hereto as Exhibit 2. Attached hereto as Exhibit 3 is proof of service of the letter and this Court's April 10, 2007 order by Federal Express.[1]

4.  Respondent not produced any of the documents requested in the Board's subpoena.

5.  To date Respondent has not communicated to the Board any reason why compliance with the subpoena has not been forthcoming.

### III. ARGUMENT

It is apparent that, absent compulsion, Respondent will continue to disobey the Court's order. Accordingly, it is appropriate to impose civil contempt sanctions to "coerce the defendant into compliance with the court's order, and… compensate the complainant for losses sustained." United States v. UMWA, 330 U.S. 258, 303-304 (1947). Orders imposing prospective fines to coerce future compliance and the imposition of costs and attorneys' fees to compensate the Board are traditional contempt remedies, including contempt for violation of subpoena enforcement orders. NLRB v. Warminster Investment Corp., 163 L.R.R.M. 2535, 2546-2547 (D.P.R. 1999) (subpoena enforcement case); NLRB v. Service Employees Local 77, 123 L.R.R.M. 3213, 3229-3231 (9th cir. 1978); OCAW v. NLRB, 547 F. 2d 575, 596-598 (D.C. Cir. 1976), cert. denied 431 U.S. 966 (1977). Reservation of jurisdiction by the Court to issue writs of body attachment (i.e. civil imprisonment) is also a traditional remedy. See NLRB v. Savoy Laundry, 354 F. 2d 78, 81 (2nd Cir. 1965).

---

[1] Although the letter and Order were also sent by certified mail, the "green card" showing delivery by the United States Postal Service has not yet been received.

**WHEREFORE**, for the reasons stated, the Board respectfully requests that the Court issue an order including the following provisions:

1. That National Association of Special Police and Security Officers are in contempt of court for failing and refusing to produce the documents subpoenaed by the Board pursuant to 28 U.S.C. §161 of the National Labor Relations Act, as ordered by this Court on April 10, 2007.

2. That National Association of Special Police and Security Officers, its officers, agents, successors and assigns be required to purge itself of its contempt by fully complying with and obeying the April 10, 2007 order of this Court in the manner set forth below:

    (a) Within five (5) days of the date of the contempt adjudication, National Association of Special Police and Security Officers be directed to comply with Subpoena B-498163 by providing the documents requested in said subpoena. The documents shall be delivered in person or by overnight mail to the Board's offices in Washington, DC (Contempt Litigation and Compliance Branch, National Labor Relations Board, 1099 14th Street, NW, Suite 10700, Washington, DC 20005, Attn: Jean C. Libby) on or before the due date.

    (b) That National Association of Special Police and Security Officers be ordered to reimburse the Board for all its costs and expenditures incurred in its initiation and prosecution of this civil contempt proceeding, including reasonable attorneys' fees, calculated at the prevailing market rate. If the parties cannot agree on this amount, the Board may submit its costs and reasonable attorney's fees to this Court for approval;

      (c)    That within ten (10) days after entry of the contempt adjudication, National Association of Special Police and Security Officers file a sworn statement with the Clerk of Court and provide copies to the Board's office at the address set forth above in paragraph 2(a), by overnight mail, showing what steps they have taken to comply with the Court's directives;

      (d)    That prospective fines be imposed against National Association of Special Police and Security Officers of up to $10,000 for each and every violation of this contempt adjudication or for further violation of the Court's April 10, 2007 order, and that up to $2,000 per day be imposed for each day the Court finds that any such violations have continued; and

      (e)    That the Court reserve the right, upon further motion of the Board, to impose such additional measures as may be deemed necessary to ensure compliance with the Court's orders, including the issuance of body attachments against National Association of Special Police and Security Officers, its officers, agents, successors and assigns.

3.    That the Court take such further action and grant such further relief as may be just, reasonable, necessary and proper to make effective its April 10, 2007 Order.

A proposed order adjudicating Respondent in civil contempt, with civil purgation provisions, is submitted herewith.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD

 /s/ Jean C. Libby
Jean C. Libby, Attorney
Contempt Litigation and Compliance Branch
1099 14th Street, NW, Suite 10700
Washington, DC 20005
(202) 273-1037

Stanley R. Zirkin
Assistant General Counsel
Contempt Litigation and Compliance Branch
(202) 273-3739

Dated at Washington, DC
this 2nd day of May, 2007.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD<br>1099 14th Street, NW, Suite 10700<br>Washington, D.C. 20005,<br><br>    Applicant,<br><br>v.<br><br>NATIONAL ASSOCIATION OF SPECIAL<br>POLICE AND SECURITY OFFICERS<br>1101 30th STREET, NW, SUITE 500<br>WASHINGTON, DC 20007,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.  07-551 (ckk) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 2, 2007, one copy of the Board's MOTION OF THE NATIONAL LABOR RELATIONS BOARD FOR AN ORDER OF ADJUDICATION IN CIVIL CONTEMPT AND FOR OTHER CIVIL RELIEF AND PROPOSED ORDER ADJUDICATING NATIONAL ASSOCIATION OF SPECIAL POLICE AND SECURITY OFFICERS IN CIVIL CONTEMPT was served by FEDERAL EXPRESS upon Respondent National Association of Special Police and Security Officers at the following address:

>     National Association of Special Police and Security Officers
>     1101 30th St., NW, Suite 500
>     Washington, DC 20007
>
>     /s/ Jean C. Libby_____
>     Jean C. Libby, Attorney
>     Contempt Litigation and Compliance Branch
>     1099 14th Street, NW, Suite 10700
>     Washington, D.C. 20005
>     (202) 273-1037

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD )
1099 14th Street, NW, Suite 10700 )
Washington, D.C. 20005, )
)
Applicant, )
)
v. ) Civil Action No. 07-551 (ckk)
)
NATIONAL ASSOCIATION OF SPECIAL )
POLICE AND SECURITY OFFICERS )
1101 30th STREET, NW, SUITE 500 )
WASHINGTON, DC 20007, )
)
Respondent. )

ORDER

Upon consideration of the application of the National Labor Relations Board (the "Board"), pursuant to 29 U.S.C. Sec. 161(2), for an order requiring compliance with a subpoena duces tecum issued to Respondent National Association of Special Police and Security Officers, good cause appears for granting the Board's application. Accordingly, it is hereby:

I. ORDERED that within ten (10) business days of this Order, Respondent National Association of Special Police and Security Officers shall provide the documents, as requested by Subpoena Duces Tecum B-498163. The documents shall be delivered by overnight mail to the Board's offices in Washington, DC (Contempt Litigation and Compliance Branch, National Labor Relations Board, 1099 14th Street, Suite 10700, Washington, DC 20750, Attn: Jean C. Libby) on or before the due date;

GOVERNMENT EXHIBIT 1

II.    IT IS FURTHER ORDERED that Respondent National Association of Special Police and Security Officers shall reimburse the Board for all attorneys' fees and costs incurred by the Board in litigating this subpoena enforcement proceeding. Attorneys' fees shall be calculated at the prevailing market rate. Upon failure of the parties to agree upon the amount of such reimbursement, the Board may make further application to the Court for an order fixing said amount.

ENTERED BY ORDER OF THE COURT

_Colleen Kollar-Kotelly_

Date: April 10, 2007

United States Government

**NATIONAL LABOR RELATIONS BOARD**

Office of the General Counsel

CONTEMPT LITIGATION AND COMPLIANCE BRANCH

1099 14th Street, N.W., Suite 10700

Washington, D.C. 20570-0001

April 11, 2007

Caleb Burris
National Association of Special Police and Security Officers
1101 30th St., NW, Suite 500
Washington, DC 20007

              VIA FEDERAL EXPRESS OVERNIGHT DELIVERY No. 858569997891
              AND CERTIFIED MAIL No. 7003 2260 0005 4463 0145

    Re:    *NLRB v. National Association of Special Police and*
           *Security Officers (Systems Training and Resource*
           *Technologies, Inc.)*,
           07-551(ckk) (D.C.D.C.)

Dear Mr. Burris:

    Enclosed you will find a copy of the order entered on April 10, 2007, by the Hon. Colleen Kollar-Kennedy, Judge of the United States District Court for the District of Columbia, enforcing the Application of the National Labor Relations Board For An Order Requiring Compliance With Investigative Subpoena. The Order requires the National Association of Special Police and Security Officers to deliver the documents described in the subpoena within 10 business days of the Order. Accordingly, we expect that the documents will be delivered to our offices by the close of business on **April 23, 2007.** Absent our receipt of the documents requested in the subpoena by that date, we intend to initiate contempt proceedings which may result in the imposition of fines, costs and attorney fees, and incarceration of those individuals responsible for the contumacious conduct in order to coerce compliance.

    Your cooperation is appreciated.

                                            Sincerely,

                                            Jean Libby
                                            Trial Attorney
                                            (202) 273-1037

Enclosure



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD )
1099 14th Street, NW, Suite 10700 )
Washington, D.C. 20005, )
)
)
Applicant, )
)
v. )    Civil Action No.  07-551 (ckk)
)
NATIONAL ASSOCIATION OF SPECIAL )
POLICE AND SECURITY OFFICERS )
1101 30th STREET, NW, SUITE 500 )
WASHINGTON, DC 20007, )
)
Respondent. )

## ORDER

Upon consideration of the application of the National Labor Relations Board (the "Board"), pursuant to 29 U.S.C. Sec. 161(2), for an order requiring compliance with a subpoena duces tecum issued to Respondent National Association of Special Police and Security Officers, good cause appears for granting the Board's application. Accordingly, it is hereby:

I.  ORDERED that within ten (10) business days of this Order, Respondent National Association of Special Police and Security Officers shall provide the documents, as requested by Subpoena Duces Tecum B-498163. The documents shall be delivered by overnight mail to the Board's offices in Washington, DC (Contempt Litigation and Compliance Branch, National Labor Relations Board, 1099 14th Street, Suite 10700, Washington, DC 20750, Attn: Jean C. Libby) on or before the due date;

11.   IT IS FURTHER ORDERED that Respondent National Association of Special Police and Security Officers shall reimburse the Board for all attorneys' fees and costs incurred by the Board in litigating this subpoena enforcement proceeding. Attorneys' fees shall be calculated at the prevailing market rate. Upon failure of the parties to agree upon the amount of such reimbursement, the Board may make further application to the Court for an order fixing said amount.

ENTERED BY ORDER OF THE COURT

_____
Colleen Kollar-Kotelly

Date: April 10, 2007



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

May 1, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **858569997891**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery date: | Apr 12, 2007 09:42 |
| Signed for by: | R.KIRRANE | | |
| Service type: | Priority Envelope | | |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 858569997891 | Ship date: | Apr 11, 2007 |

Recipient:
US

Shipper:
US

Reference

CONTEMPT LIT

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339



GOVERNMENT
EXHIBIT
3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD )
1099 14th Street, NW, Suite 10700 )
Washington, D.C. 20005, )
)
      Applicant, )
)
v. )  No. 07-551 (ckk)
)
NATIONAL ASSOCIATION OF SPECIAL )
POLICE AND SECURITY OFFICERS )
1101 30th STREET, NW, SUITE 500 )
WASHINGTON, DC 20007, )
)
      Respondent. )

ORDER ADJUDICATING
NATIONAL ASSOCIATION OF SPECIAL POLICE AND SECURITY OFFICERS
IN CIVIL CONTEMPT

The National Labor Relations Board ("the Board"), having filed its Motion to Adjudge Respondent National Association of Special Police and Security Officers in Civil Contempt and for Other Civil Relief for failing and refusing to comply in any respect with this Court's Order of April 10, 2007 enforcing Board Subpoena Duces Tecum B-498163; and good cause appearing therefore; it is

**ORDERED AND ADJUDGED** that Respondent is in civil contempt of this Court for failing and refusing to fully comply with this Court's Order of April 10, 2007; and it is further

**ORDERED** that, within five (5) days of the date of entry of this contempt adjudication, Respondent shall produce all records and documents specified in the Board subpoena duces tecum enforced by this Court's April 10, 2007 Order

at the Board's offices in Washinton, DC, located at 1099 14th Street, NW, Suite 10700, Washington, DC 20005, Attn: Jean C. Libby.  Such delivery shall be in person or by overnight mail to the Contempt Litigation and Compliance Branch, Attn. Jean C. Libby, at the aforementioned address on or before the due date; and it is further

**ORDERED** that Respondent shall reimburse the Board for all of its costs and expenditures incurred in its initiation and prosecution of this civil contempt proceeding, including reasonable attorney's fees calculated at the prevailing market rate; provided, that if the parties cannot agree on this amount, the Board may submit its costs and reasonable attorney's fees to this Court for approval; and it is further

**ORDERED** that Respondent, within ten (10) days after entry of this contempt adjudication, shall file a sworn statement with the Clerk of Court, and shall provide copies by overnight mail to the Board's Contempt Litigation and Branch offices in Washington, DC, located at 1099 14th Street, Suite 10700, Washington, DC 20005, Attn: Jean C. Libby, showing what steps it has taken to comply with the purgation requirements set forth in this contempt adjudication; and it is further

**ORDERED** that, a prospective non-compliance fine of up to $10,000 is hereby imposed against Respondent for each and every future violation of the Court's April 10, 2007 Order or this order adjudicating Respondent in civil contempt; and a further prospective fine of up to $2,000 per day is hereby

imposed against Respondent for each day the Court finds that any such violations have continued; and it is further

**ORDERED** that, upon the failure of the Respondent to purge itself of civil contempt, this Court shall issue writs of body attachment and direct such other relief as may be deemed just and proper.

ENTERED BY ORDER OF THE COURT

_____
Colleen Kollar-Kotelly
United States District Judge

Date: _____