## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD )
1099 14th Street, NW, Suite 10700 )
Washington, D.C. 20005, )
            )
           **Applicant,** )
            )
    **v.** )    **No. 07-551 (ckk)**
            )
NATIONAL ASSOCIATION OF SPECIAL )
POLICE AND SECURITY OFFICERS )
1101 30th STREET, NW, SUITE 500 )
WASHINGTON, DC 20007, )
            )
           **Respondent.** )

### MOTION OF THE NATIONAL LABOR RELATIONS BOARD
### FOR ISSUANCE OF WRIT OF BODY ATTACHMENT
### AGAINST CALEB A. GRAY-BURRISS

    The National Labor Relations Board ("the Board"), respectfully requests that the

Court issue a Writ of Body Attachment against Caleb A. Gray-Burriss ("Burriss") to

compel him to purge himself of his contempt of this Court's June 4, 2007 Order requiring

him to produce records and documents specified in the Board's subpoena duces tecum

enforced by this Court's April 10, 2007 Order; and to file a sworn statement with the

Clerk of this Court showing what steps he has taken to comply with the Court's directives

and to supply copies of that statement to the Board.  The Board also requests the

assessment of appropriate contempt fines, as provided for in the Court's June 4, 2007

Order.

    More specifically, the Board requests the Court to issue a Writ of Body

Attachment against the person of Caleb A. Gray-Burriss, directing the United States

Marshal for the District of Columbia, or the United States Marshal for any district in which Burriss may be found, to take Burriss into custody and to hold him in custody until the Court finds that Burriss has complied in full with the Court's order enforcing the Board's subpoena, or certifies that Burriss is unable to comply.  In support of this motion, the Board shows as follows:

1. On January 17, 2007, in connection with its investigation into whether the National Association of Special Police and Security Officers ("Respondent") has complied with the District of Columbia Circuit's Judgment enforcing the Board's Decision and Order against it in <u>National Labor Relations Board v. National Association of Special Police and Security Officers</u>, No. 06-1207 (September 13, 2006), the National Labor Relations Board issued an administrative subpoena duces tecum, B-498163, to the Respondent directing that specific books and records be produced on February 7, 2007.  Although this subpoena was served in accordance with the Board's Rules and Regulations on Burris, the Board did not receive any documents in response to its subpoena.

2. On March 21, 2007 the Board filed an application for an order requiring compliance with its subpoena.  No response to the application was filed by Respondent.

3. On April 10, 2007 the Court issued an order enforcing the Board's subpoena duces tecum.  That order required Respondent to provide the documents requested in the Board's subpoena within ten (10) business days of the Order.  On April 11, 2007, a copy of this Order was sent to Burriss along with a letter directing that the documents requested in the subpoena be produced by April 23, 2007.  No documents were produced.

4. On June 4, 2007, upon the Board's motion, this Court issued an order adjudicating Respondent in civil contempt for failing and refusing to comply in any respect with this Court's Order of April 10, 2007 enforcing Board Subpoena Duces Tecum B-498163, and ordered, among other things, that Respondent purge itself of contempt by producing all records and documents specified in the Board's subpoena duces tecum enforced by this Court's April 10, 2007 Order within five(5) days of entry of the contempt adjudication.

5. By letter dated June 5, 2007, the Board advised Burriss of the Court's Civil Contempt Order, and directed that the documents specified in the Board's subpoena be delivered to the Board's offices by June 11, 2007. A copy of that letter is attached as Exhibit 1.

6. The June 5 letter and the Court's June 4, 2007 Order were served on Burriss personally, as well as by Federal Express and Certified Mail. Proof of service is attached as Exhibit 2.

7. In a letter dated June 11, 2007, Burriss, acknowledging that he is Executive Director of Respondent, stated that Respondent no longer represents the employees involved in the Board litigation. Burriss also requested a continuance to enable his attorney to review the matter. A copy of that letter is attached as Exhibit 3.

8. By letter dated June 19, 2007, the deadline for production of documents was extended to June 25, 2007. A copy of the June 25 letter is attached as Exhibit 4. No response to this letter has been received from either Burriss or an attorney representing him.

## APPLICABLE POINTS AND AUTHORITIES

Civil incarceration of a respondent who fails to comply with a court order is a time-tested and approved civil contempt remedy. *See United Mine Workers v. Bagwell*, 512 U.S. 821, 828 (1994); *Shillitani v. U.S.*, 384 U.S. 364, 370-71 (1966); *Northeast Women's Center v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991). Because such writs of body attachment are not issued to punish, but rather to compel obedience to a judicial mandate, the commitment is civil in nature. *Shillitani*, 384 U.S. at 368; *Falstaff Brewing Corp. v. Miller Brewing Corp*, 702 F.2d 770, 777 (9th Cir. 1983); *In Re Nevitt*, 117 F. 448, 461 (8th Cir. 1902) (individuals incarcerated to compel obedience "carry the keys of their prison in their own pockets").

Courts have approved of civil incarceration of contemnors who fail to purge themselves of contempt in cases arising under the National Labor Relations Act. *See NLRB v. Savoy Laundry, Inc.*, 354 F.2d 78, 81 (2d Cir. 1965) (issuing writ of body attachment); *NLRB v. Interurban Gas Co.*, 401 F.2d 745, 746 (6th Cir. 1968) (same). *See also, NLRB v. James Troutman & Associates*, 146 LRRM 2941, 2949 (9th Cir. 1994) (providing that writ of body attachment will issue if contemnor does not purge contempt within a reasonable time); *NLRB v. Goodsell & Vocke, Inc.*, 645 F.2d 680, 681 (9th Cir. 1981) (court provided for use of writ of body attachment if needed to effectuate compliance); *NLRB v. Local Union No. 80, Sheet Metal Workers' Int'l Assoc.*, 491 F.2d 1017, 1021 (6th Cir. 1974) (same); *NLRB v. Republican Publishing Company*, 180 F.2d 437, 441 (1st Cir. 1950) (same).

Other federal government agencies have also successfully resorted to this remedy to coerce compliance with their civil contempt adjudications. *See, e.g., FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1233, 1243 (9th Cir. 1999) (circuit court upheld

contempt adjudication and civil arrest sanction); *SEC v. Bilzerian*, 131 F.Supp.2d 10, 18

(D.D.C. 2001) (respondent ordered to surrender to the custody of U.S. Marshals); *FTC v.*

*Verity International, Ltd.*, 140 F.Supp.2d 313, 318 (S.D.N.Y. 2001) (court found "order

of civil commitment" appropriate measure for enforcement of contempt order).

      Given Burriss's flagrant disregard of this Court's Orders, civil arrest is the only

effective measure to compel his obedience. *See, e.g., NLRB v. Savoy Laundry, Inc.*, 354

F.2d at 81 (writ of body attachment necessary because of respondent's "persistent

recalcitrance" in disobeying order). Thus, the Court should issue a Writ of Body

Attachment to incarcerate Caleb A. Gray-Burriss until he fully purges himself of his

contempt. Burriss will "carry the keys of [his] prison in [his] own pockets." *Shillitani*,

384 U.S. at 368 (quoting *In re Nevitt*, 117 F. 448, 461 (8th Cir. 1902)), and may avoid

incarceration simply by complying with the Court's Orders.

      The Court's contempt adjudication also imposed prospective civil contempt fines

upon Burriss to coerce compliance with the subpoena enforcement order. Accordingly,

the Board requests that the Court assess fines according to its contempt order, to start on

the date Burriss is served with this motion.

      **WHEREFORE,** based upon the foregoing, the Board respectfully requests that

the Court enter an order issuing a Writ of Body Attachment against Caleb A. Gray-

Burriss, and assessing civil contempt fines against Respondent as set forth in the Court's

June 4, 2007 Order, to commence five (5) days after the date of service of this motion.

A proposed order is submitted for the Court's consideration.

**RESPECTFULLY SUBMITTED,**


\_\_\_/s/\_\_\_Jean C. Libby_____
Jean C. Libby, Attorney
Contempt Litigation and Compliance Branch
1099 14th Street, NW, Suite 10700
Washington, DC 20005
(202) 273-1037

Stanley R. Zirkin
Assistant General Counsel
Contempt Litigation and Compliance Branch
(202) 273-3739


Dated at Washington, DC
this 5th day of July, 2007.



**NATIONAL LABOR RELATIONS BOARD**

Office of the General Counsel

CONTEMPT LITIGATION AND COMPLIANCE BRANCH

1099 14th Street, N.W., Suite 10700

Washington, D.C. 20570-0001

June 5, 2007

Caleb Burris
National Association of Special Police and Security Officers
1101 30th St., NW, Suite 500
Washington, DC 20007

VIA FEDERAL EXPRESS OVERNIGHT DELIVERY,
PERSONAL DELIVERY AND CERTIFIED MAIL
No. 7003 2260 0005 4463 1371

Re: *NLRB v. National Association of Special Police and*
*Security Officers (Systems Training and Resource*
*Technologies, Inc.),*
07-551(ckk) (D.C.D.C.)

Dear Mr. Burris:

Enclosed you will find a copy of the order entered on June 4, 2007, by the Hon. Colleen Kollar-Kennedy, Judge of the United States District Court for the District of Columbia, adjudicating the National Association of Special Police and Security Officers in **civil contempt** for failing to comply with the Court's order of April 10, 2007 enforcing the Application of the National Labor Relations Board For An Order Requiring Compliance With Investigative Subpoena. The contempt adjudication order issued on June 4, 2007 requires the National Association of Special Police and Security Officers to produce the documents described in the subpoena within **5 days** of entry of the contempt adjudication. Accordingly, we expect that the documents will be delivered to our offices by the close of business on **June 11, 2007.** Absent our receipt of the documents requested in the subpoena by that date, in order to coerce compliance we intend to request that a writ of body attachment be issued resulting in your incarceration, as well as the imposition of fines, costs and attorney fees.

Sincerely,

Jean Libby
Trial Attorney
(202) 273-1037

Enclosure

GOVERNMENT
EXHIBIT

1

PENGAD-Bayonne, N. J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD )
1099 14th Street, NW, Suite 10700 )
Washington, D.C. 20005, )
             )
    Applicant, )
             )
    v. )   No. 07-551 (ckk)
             )
NATIONAL ASSOCIATION OF SPECIAL )
POLICE AND SECURITY OFFICERS )
1101 30th STREET, NW, SUITE 500 )
WASHINGTON, DC 20007, )
             )
    Respondent. )

## ORDER ADJUDICATING
## NATIONAL ASSOCIATION OF SPECIAL POLICE AND SECURITY OFFICERS
## IN CIVIL CONTEMPT

The National Labor Relations Board ("the Board"), having filed its Motion to

Adjudge Respondent National Association of Special Police and Security Officers

in Civil Contempt and for Other Civil Relief for failing and refusing to comply in any

respect with this Court's Order of April 10, 2007 enforcing Board Subpoena Duces *c 4/4*

Tecum B-498163; *and no response having been filed by respondent* and good cause appearing therefore; it is

ORDERED AND ADJUDGED that Respondent is in civil contempt of this

Court for failing and refusing to fully comply with this Court's Order of April 10,

2007; and it is further

ORDERED that, within five (5) days of the date of entry of this contempt

adjudication, Respondent shall produce all records and documents specified in

the Board subpoena duces tecum enforced by this Court's April 10, 2007 Order

(N)

at the Board's offices in Washinton, DC, located at 1099 14th Street, NW, Suite 10700, Washington, DC 20005, Attn: Jean C. Libby. Such delivery shall be in person or by overnight mail to the Contempt Litigation and Compliance Branch, Attn. Jean C. Libby, at the aforementioned address on or before the due date; and it is further

**ORDERED** that Respondent shall reimburse the Board for all of its costs and expenditures incurred in its initiation and prosecution of this civil contempt proceeding, including reasonable attorney's fees calculated at the prevailing market rate; provided, that if the parties cannot agree on this amount, the Board may submit its costs and reasonable attorney's fees to this Court for approval; and it is further

**ORDERED** that Respondent, within ten (10) days after entry of this contempt adjudication, shall file a sworn statement with the Clerk of Court, and shall provide copies by overnight mail to the Board's Contempt Litigation and Branch offices in Washington, DC, located at 1099 14th Street, Suite 10700, Washington, DC 20005, Attn: Jean C. Libby, showing what steps it has taken to comply with the purgation requirements set forth in this contempt adjudication; and it is further

**ORDERED** that, a prospective non-compliance fine of up to $10,000 is hereby imposed against Respondent for each and every future violation of the Court's April 10, 2007 Order or this order adjudicating Respondent in civil contempt; and a further prospective fine of up to $2,000 per day is hereby

2

imposed against Respondent for each day the Court finds that any such
violations have continued; and it is further

ORDERED that, upon the failure of the Respondent to purge itself of civil
contempt, this Court shall issue writs of body attachment and direct such other
relief as may be deemed just and proper.

ENTERED BY ORDER OF THE COURT

Colleen Kollar-Kotelly
United States District Judge

Date: June 4, 2007

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD )
1099 14th Street, NW, Suite 10700 )
Washington, D.C. 20005, )
 )
           Applicant, )
 )
    v. )      No. 07-551 (ckk)
 )
NATIONAL ASSOCIATION OF SPECIAL )
POLICE AND SECURITY OFFICERS )
1101 30th STREET, NW, SUITE 500 )
WASHINGTON, DC 20007, )
 )
           Respondent. )

## AFFIDAVIT OF SERVICE

The undersigned hereby deposes and states as follows:

    1.    I am a trial attorney with the National Labor Relations Board's (the "Board") Contempt Litigation and Compliance Branch at its headquarters in Washington, D.C. I have held this title for approximately 10 ½ years.

    2.    On June 7, 2007, at approximately 1:30 p.m., I served a copy of the attached Order Adjudicating Respondent National Association of Special Police and Security Officers ("Association") in Civil Contempt upon the Respondent, by hand delivering a copy of the Order to Caleb Burris, who is, upon information and belief, one of the Association's officers, agents and/or representatives, at his offices located at 10 G Street, N.E., Washington, D.C., in Suite 710.


GOVERNMENT EXHIBIT
2
FENGAD-Bayonne, N.J.

Upon penalty of perjury, the foregoing one page statement is true

and correct to the best of my knowledge, information and belief.


　　　　　　　　　　 /s/ Helene D. Lerner
　　　　　　　　　 Helene D. Lerner, Trial Attorney
　　　　　　　　　 Contempt Litigation and Compliance Branch
　　　　　　　　　 1099 14th Street, NW, Suite 10700
　　　　　　　　　 Washington, D.C. 20005
　　　　　　　　　 (202) 273-3738

Dated:  this  8th   day of June, 2007, at
Washington, D.C.

**FedEx Express**

| | |
|---|---|
| Date 6/6/07 | Sender's FedEx Account Number 1179-0491-5 |
| Sender's Name Jean Libby, Attorney | Phone (202) 273-1037 |
| Company NATIONAL LABOR RELATIONS BOARD | |
| Address 1099 14TH ST NW | |
| WASHINGTON | State DC ZIP 20005 |

Your Internal Billing Reference: Contempt Lit.
24 characters will appear on invoice.

**Recipient's**

| | |
|---|---|
| Name Caleb Burris | Phone ( ) |
| Company National Association of Special Police and Security Officers | |
| Recipient's Address 1101 30th St., NW, Suite 500 | |
| We cannot deliver to P.O. boxes or P.O. ZIP codes. | |
| Washington | State DC ZIP 20007 |

0341993748

**Schedule a pickup at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

Tracking Number 8505 6777 6073

0215

Sender's Copy

**4a Express Package Service** — Packages up to 150 lbs.

[X] FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx 2Day
Second business day.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx Standard Overnight
Next business afternoon.* Saturday Delivery NOT available.

[ ] FedEx Express Saver
Third business day.* Saturday Delivery NOT available.

[ ] FedEx First Overnight
Earliest next business morning delivery to select locations.* Saturday Delivery NOT available.

* To most locations.
FedEx Envelope rate not available. Minimum charge: One-pound rate.

**4b Express Freight Service** — Packages over 150 lbs.

[ ] FedEx 1Day Freight*
Next business day.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx 2Day Freight
Second business day.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx 3Day Freight
Third business day.* Saturday Delivery NOT available.

* Call for Confirmation.
** To most locations.

**5 Packaging**

[X] FedEx Envelope*  [ ] FedEx Pak* Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak.  [ ] FedEx Box  [ ] FedEx Tube  [ ] Other
* Declared value limit $500.

**6 Special Handling** — Include FedEx address in Section 3.

[ ] SATURDAY Delivery NOT Available for FedEx Standard Overnight, FedEx First Overnight, FedEx Express Saver, or FedEx 3Day Freight.

[ ] HOLD Weekday at FedEx Location NOT Available for FedEx First Overnight.

[ ] HOLD Saturday at FedEx Location Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

Does this shipment contain dangerous goods?
One box must be checked.

[X] No  [ ] Yes As per attached Shipper's Declaration.  [ ] Yes Shipper's Declaration not required.  [ ] Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging.  [ ] Cargo Aircraft Only

**7 Payment** Bill to:

Enter FedEx Acct. No. or Credit Card No. below.

[X] Sender Acct. No. in Section 1 will be billed.  [ ] Recipient  [ ] Third Party  [ ] Credit Card  [ ] Cash/Check

FedEx Acct. No.
Credit Card No.                                    Exp. Date

| Total Packages | Total Weight | Total Declared Value† | |
|---|---|---|---|
| | | $ .00 | FedEx Use Only |

† Our liability is limited to $100 unless you declare a higher value. See back for details. By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.

**8 NEW Residential Delivery Signature Options** If you require a signature, check Direct or Indirect.

[ ] No Signature Required Package may be left without obtaining a signature for delivery.

[ ] Direct Signature Anyone at recipient's address may sign for delivery. Fee applies.

[ ] Indirect Signature If no one is available at recipient's address, anyone at a neighboring address may sign for delivery. Fee applies.

519

Rev. Date 11/05•Part #158279•©1994–2005 FedEx•PRINTED IN U.S.A.•SRS



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 5,2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **858569996873**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | **Delivery date:** | Jun 6, 2007 09:43 |
| Signed for by: | M.HANRAHAN | | |
| Service type: | Priority Envelope | | |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 858569996873 | **Ship date:** | Jun 5, 2007 |

Recipient:                                              Shipper:
US                                                      US

Reference                                    CONTEMPT LIT

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

**U.S. Postal Service.**
**CERTIFIED MAIL.. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7003 2260 0005 4463 1371

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Caleb Burris
National Association of
  Special Police and Security
  Officers
1101 30th St. NW, Suite 500
Washington, DC    20007

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
06 07 07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

USPS WASHINGTON 9 JUN 2007

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number     7003 2260 0005 4463 1371
(Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

UNITED STATES POSTAL SERVICE
SUBURBAN MD 208
08 JUN 2007 PM 2

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jean Libby, Attorney
**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**1099 14TH STREET N.W. – Suite 10700**
**WASHINGTON, D.C. 20570-0001**



**National Association of Special Police and Security Officers**
10 G Street N.E. Suite 710 Washington, D.C. 20002 (202) 625-8306

June 11, 2007

Attorney Jean Libby
National Labor Relations Board
Office of the General Counsel
Contempt Litigation and Compliance Branch
1099 14th Street NW Suite 10700
Washington, DC 20570-0001

HAND DELIVERED TO:
THE CLERK OF COURT, US
DISTRICT COURT
NATIONAL LABOR RELATIONS
BOARD

Re: **Request for Removal or Continuance of
Order Adjudicating NASPSO of Civil Contempt
No. 07-551 (ckk)**

Dear Attorney Libby:

This is in response to your June 5, 2007, correspondence delivering Judge Kollar-Kotelly's Order, No.07-551(ckk).

This matter is the result of a case filed against NASPSO and served to Mr. Bruce Goodman, ESQ, who was NASPSO's General Counsel and Vice President, at that time and was expected to respond. Mr. Goodman was removed as Vice President and General Counsel of NASPSO as a result of his failure to fulfill his responsibilities, case in point, resolving this issue.

I, Caleb A. Gray-Burriss, Executive Director, NASPSO was employed by Security Police Fire Professionals of America (SPFPA) from April 2002 thru April 2004. In May 2004 I returned to NASPSO and assumed the position of Executive Director. When I was made aware that this matter was still pending at the NLRB and was contacted by you, Attorney Libby, I informed you that SPFPA not NASPSO represented the person mentioned in the complaint. At the time the case was filed, SPFPA represented the Startech employees at the FOB6 worksite. The NLRB is and was aware of the failed attempt by NASPSO to merge with SPFPA and that SPFPA represented and



GOVERNMENT
EXHIBIT
3

continues to represent those employees to date. Although the merger failed the NLRB recognized SPFPA as the representative of the Startech employees who had previously been represented by NASPSO. This case should have been directed to Startech and SPFPA for resolution because all dues and reports were being forwarded to SPFPA.

If this response is not sufficient, we request a continuance in order that our Attorney, who is out-of-town this week, can have an opportunity to review this order. NASPSO has had numerous issues involving the Department of Labor (DOL), NLRB and rival Unions for more than 2 years. In addition, on April 20, 2007, DOL investigators raided my home and removed documents pertaining to the operations and history of NASPSO. They were allegedly looking for evidence to support oral testimonies concerning the theft of pension funds. This ordeal has caused my family and I embarrassment, stress and hardship. The majority of the documents which would assist us to better respond to this order have not been returned.

Again, if this response is not adequate, NASPSO request a continuance in order to consult with our attorney and have our documents returned from DOL that are required to better address this matter.

We thank you and the court for your consideration.

Sincerely,

Caleb A. Gray-Burriss
Executive Director



**NATIONAL LABOR RELATIONS BOARD**

Office of the General Counsel

CONTEMPT LITIGATION AND COMPLIANCE BRANCH

1099 14th Street, N.W., Suite 10700

Washington, D.C. 20570-0001

June 5, 2007

Caleb Burris
National Association of Special Police and Security Officers
1101 30th St., NW, Suite 500
Washington, DC 20007

> VIA FEDERAL EXPRESS OVERNIGHT DELIVERY,
> PERSONAL DELIVERY AND CERTIFIED MAIL

> Re:  *NLRB v. National Association of Special Police and*
>      *Security Officers (Systems Training and Resource*
>      *Technologies, Inc.)*,
>      07-551(ckk) (D.C.D.C.)

Dear Mr. Burris:

Enclosed you will find a copy of the order entered on June 4, 2007, by the Hon. Colleen Kollar-Kennedy, Judge of the United States District Court for the District of Columbia, adjudicating the National Association of Special Police and Security Officers in **civil contempt** for failing to comply with the Court's order of April 10, 2007 enforcing the Application of the National Labor Relations Board For An Order Requiring Compliance With Investigative Subpoena. The contempt adjudication order issued on June 4, 2007 requires the National Association of Special Police and Security Officers to produce the documents described in the subpoena within **5 days** of entry of the contempt adjudication. Accordingly, we expect that the documents will be delivered to our offices by the close of business on **June 11, 2007.** Absent our receipt of the documents requested in the subpoena by that date, in order to coerce compliance we intend to request that a writ of body attachment be issued resulting in your incarceration, as well as the imposition of fines, costs and attorney fees.

Sincerely,

Jean Libby
Trial Attorney
(202) 273-1037

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD )
1099 14th Street, NW, Suite 10700 )
Washington, D.C. 20005, )
                                                    )
            Applicant, )
                                                    )
    v. )                  No. 07-551 (ckk)
                                                    )
NATIONAL ASSOCIATION OF SPECIAL )
POLICE AND SECURITY OFFICERS )
1101 30th STREET, NW, SUITE 500 )
WASHINGTON, DC 20007, )
                                                    )
            Respondent. )

ORDER ADJUDICATING
NATIONAL ASSOCIATION OF SPECIAL POLICE AND SECURITY OFFICERS
IN CIVIL CONTEMPT

The National Labor Relations Board ("the Board"), having filed its Motion to

Adjudge Respondent National Association of Special Police and Security Officers

in Civil Contempt and for Other Civil Relief for failing and refusing to comply in any

respect with this Court's Order of April 10, 2007 enforcing Board Subpoena Duces   c 44

~~and no response being certified by respondent~~

Tecum B-498163; and good cause appearing therefore; it is

ORDERED AND ADJUDGED that Respondent is in civil contempt of this

Court for failing and refusing to fully comply with this Court's Order of April 10,

2007; and it is further

ORDERED that, within five (5) days of the date of entry of this contempt

adjudication, Respondent shall produce all records and documents specified in

the Board subpoena duces tecum enforced by this Court's April 10, 2007 Order

(N)

at the Board's offices in Washinton, DC, located at 1099 14th Street, NW, Suite 10700, Washington, DC 20005, Attn: Jean C. Libby. Such delivery shall be in person or by overnight mail to the Contempt Litigation and Compliance Branch, Attn. Jean C. Libby, at the aforementioned address on or before the due date; and it is further

**ORDERED** that Respondent shall reimburse the Board for all of its costs and expenditures incurred in its initiation and prosecution of this civil contempt proceeding, including reasonable attorney's fees calculated at the prevailing market rate; provided, that if the parties cannot agree on this amount, the Board may submit its costs and reasonable attorney's fees to this Court for approval; and it is further

**ORDERED** that Respondent, within ten (10) days after entry of this contempt adjudication, shall file a sworn statement with the Clerk of Court, and shall provide copies by overnight mail to the Board's Contempt Litigation and Branch offices in Washington, DC, located at 1099 14th Street, Suite 10700, Washington, DC 20005, Attn: Jean C. Libby, showing what steps it has taken to comply with the purgation requirements set forth in this contempt adjudication; and it is further

**ORDERED** that, a prospective non-compliance fine of up to $10,000 is hereby imposed against Respondent for each and every future violation of the Court's April 10, 2007 Order or this order adjudicating Respondent in civil contempt; and a further prospective fine of up to $2,000 per day is hereby

imposed against Respondent for each day the Court finds that any such violations have continued; and it is further

ORDERED that, upon the failure of the Respondent to purge itself of civil contempt, this Court shall issue writs of body attachment and direct such other relief as may be deemed just and proper.

ENTERED BY ORDER OF THE COURT

Colleen Kollar-Kotelly
United States District Judge

Date: June 4, 2007

3



# NATIONAL LABOR RELATIONS BOARD

### Office of the General Counsel

#### CONTEMPT LITIGATION AND COMPLIANCE BRANCH

1099 14th Street, N.W., Suite 10700

Washington, D.C. 20570-0001

June 19, 2007

Caleb A. Gray-Burriss, Executive Director
National Association of Special Police and Security Officers
10 G Street, N.E., Suite 710
Washington, DC 20002

## VIA FEDERAL EXPRESS OVERNIGHT DELIVERY

Re:   *NLRB v. National Association of Special Police and
Security Officers (Systems Training and Resource
Technologies, Inc.),*
07-551(ckk) (D.C.D.C.)

Dear Mr. Burris:

This is in response to your letter of June 11, 2007.  Please be advised I do not consider your letter to be responsive to the numerous requests the NLRB has made for the documents described in the subpoena served on you several months ago.  I am still awaiting compliance with the order entered on June 4, 2007, by the United States District Court for the District of Columbia, adjudicating the National Association of Special Police and Security Officers in **civil contempt** for failure to comply with that subpoena.  In your letter you request a continuance but do not indicate precisely when you will be able to provide documents.  The contempt adjudication order issued on June 4, 2007 required the documents described in the subpoena to be produced within **5 days** of the contempt adjudication.  Accordingly, we expect that the documents will be delivered to our offices by the close of business on **June 25, 2007.** Absent our receipt of the documents requested in the subpoena by that date, in order to coerce compliance we intend to seek a writ of body attachment resulting in your incarceration, as well as the imposition of fines, costs and attorney fees.

Sincerely,

Jean Libby
Trial Attorney
(202) 273-1037

GOVERNMENT
EXHIBIT
4
PENGAD-Bayonne, N. J.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br>1099 14th Street, NW, Suite 10700<br>Washington, D.C. 20005,<br><br>        Applicant,<br><br>   v.<br><br>NATIONAL ASSOCIATION OF SPECIAL<br>POLICE AND SECURITY OFFICERS<br>1101 30th STREET, NW, SUITE 500<br>WASHINGTON, DC 20007,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)    No. 07-551 (ckk)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon the motion of the National Labor Relations Board, and based upon the refusal and failure of the National Association of Special Police and Security Officers ("Respondent") to comply with the Court's orders dated April 10, 2007 and June 4, 2007, and there being good cause, it is hereby

**ORDERED** that the National Labor Relations Board's motion for a writ of body attachment for Caleb A. Gray-Burriss, Executive Director of the Respondent, is GRANTED; and it is further

**ORDERED** that the Respondent is found to be in further contempt of this Court and shall be subject to civil fines as set forth in the Court's June 4, 2007 order starting on _____ __, 2007, to wit, $10,000 for each and every violation of the June 4, 2007 contempt adjudication and the Court's April 10, 2007 Order, plus $2,000 per day for each day the Court finds that the Respondent continues to be in noncompliance; and it is further

**ORDERED** that any United States Marshal or any designee thereof shall detain Caleb A. Gray-Burriss, who maintains offices at 1101 30th St., NW, Suite 500, Washington, DC 20007 and 10 G St., NE, Suite 710, Washington, DC 20002 , and shall transport him in custody forthwith to the United States District Court for the District of Columbia for the reason that he has failed to cause Respondent to obey the orders of this Court requiring that Respondent comply with an administrative subpoena of the National Labor Relations Board; and it is further

**ORDERED** that Mr. Caleb A. Gray-Burriss shall be brought forthwith before this Court to determine whether he will purge himself of contempt by responding in full to the administrative subpoena issued by the National Labor Relations Board and by paying the appropriate civil fines; and it is further

**ORDERED** that the United States Marshal or other arresting officer shall notify the Court of the fact of the arrest of Mr. Caleb A. Gray-Burriss; and it is further

**ORDERED** that the United States Marshal or any other arresting officer is authorized to use necessary and reasonable force on entering and searching the premises in which Mr. Caleb A. Gray-Burriss may be found to effectuate the Court's attachment order; and it is further

**ORDERED** that the United States Marshal or other arresting officer shall notify Jean C. Libby, Esq., of the Contempt Litigation & Compliance Branch of the National Labor Relations Board, at (202) 273-1037, and Stanley R. Zirkin, Esq., of the Contempt Litigation & Compliance Branch of the National Labor Relations Board, at (202) 273-3739, of the fact of the arrest of Mr. Caleb A. Gray-Burriss; and it is further

**ORDERED** that Mr. Caleb A. Gray-Burriss shall remain incarcerated until the Court finds either that he has complied with the Court's June 4, 2007 contempt adjudication, and April 10, 2007 order, or that Mr. Caleb A. Gray-Burriss has demonstrated clearly and unequivocally that he is unable to comply with the Court's directives.

**SO ORDERED**


_____
Colleen Kollar-Kotelly
United States District Court Judge


Dated:

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL LABOR RELATIONS BOARD )
1099 14th Street, NW, Suite 10700 )
Washington, D.C. 20005, )
                                 )
       Applicant, )
                                 )
    v. )       **No.  07-551 (ckk)**
                                 )
NATIONAL ASSOCIATION OF SPECIAL )
POLICE AND SECURITY OFFICERS )
1101 30th STREET, NW, SUITE 500 )
WASHINGTON, DC 20007, )
                                 )
       Respondent. )

**ORDER**

Upon the motion of the National Labor Relations Board, and based upon the refusal and failure of the National Association of Special Police and Security Officers ("Respondent") to comply with the Court's orders dated April 10, 2007 and June 4, 2007, and there being good cause, it is hereby

**ORDERED** that the National Labor Relations Board's motion for a writ of body attachment for Caleb A. Gray-Burriss, Executive Director of the Respondent, is GRANTED; and it is further

**ORDERED** that the Respondent is found to be in further contempt of this Court and shall be subject to civil fines as set forth in the Court's June 4, 2007 order starting on _____ __, 2007, to wit, $10,000 for each and every violation of the June 4, 2007 contempt adjudication and the Court's April 10, 2007 Order, plus $2,000 per day for each day the Court finds that the Respondent continues to be in noncompliance; and it is further

**ORDERED** that any United States Marshal or any designee thereof shall detain Caleb A. Gray-Burriss, who maintains offices at 1101 30th St., NW, Suite 500, Washington, DC 20007 and 10 G St., NE, Suite 710, Washington, DC 20002 , and shall transport him in custody forthwith to the United States District Court for the District of Columbia for the reason that he has failed to cause Respondent to obey the orders of this Court requiring that Respondent comply with an administrative subpoena of the National Labor Relations Board; and it is further

**ORDERED** that Mr. Caleb A. Gray-Burriss shall be brought forthwith before this Court to determine whether he will purge himself of contempt by responding in full to the administrative subpoena issued by the National Labor Relations Board and by paying the appropriate civil fines; and it is further

**ORDERED** that the United States Marshal or other arresting officer shall notify the Court of the fact of the arrest of Mr. Caleb A. Gray-Burriss; and it is further

**ORDERED** that the United States Marshal or any other arresting officer is authorized to use necessary and reasonable force on entering and searching the premises in which Mr. Caleb A. Gray-Burriss may be found to effectuate the Court's attachment order; and it is further

**ORDERED** that the United States Marshal or other arresting officer shall notify Jean C. Libby, Esq., of the Contempt Litigation & Compliance Branch of the National Labor Relations Board, at (202) 273-1037, and Stanley R. Zirkin, Esq., of the Contempt Litigation & Compliance Branch of the National Labor Relations Board, at (202) 273-3739, of the fact of the arrest of Mr. Caleb A. Gray-Burriss; and it is further

**ORDERED** that Mr. Caleb A. Gray-Burriss shall remain incarcerated until the Court finds either that he has complied with the Court's June 4, 2007 contempt adjudication, and April 10, 2007 order, or that Mr. Caleb A. Gray-Burriss has demonstrated clearly and unequivocally that he is unable to comply with the Court's directives.

**SO ORDERED**

_____
Colleen Kollar-Kotelly
United States District Court Judge

Dated:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| **1099 14th Street, NW, Suite 10700** | ) | |
| **Washington, D.C. 20005,** | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-551 (ckk)** |
| | ) | |
| **NATIONAL ASSOCIATION OF SPECIAL** | ) | |
| **POLICE AND SECURITY OFFICERS** | ) | |
| **1101 30th STREET, NW, SUITE 500** | ) | |
| **WASHINGTON, DC 20007,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 5, 2007, one copy of the Board's

MOTION OF THE NATIONAL LABOR RELATIONS BOARD FOR ISSUANCE OF WRIT

OF BODY ATTACHMENT AGAINST CALEB A. GRAY-BURRISS AND (PROPOSED)

ORDER was served by FEDERAL EXPRESS upon Respondent National Association of

Special Police and Security Officers at the following address:

> National Association of Special Police and Security Officers
> 1101 30th St., NW, Suite 500
> Washington, DC 20007
>
> Caleb A. Gray-Burriss, Executive Director
> National Association of Special Police and Security Officers
> 10 G Street N.E., Suite 710
> Washington, DC 20002
>
> /s/ Jean C. Libby _____
> Jean C. Libby, Attorney
> Contempt Litigation and Compliance Branch
> 1099 14th Street, NW, Suite 10700
> Washington, D.C. 20005 (202-273-1037)